Peter McCornack et al., Appellees, v. Central State Bank
et al., Appellants.

**BANKS AND BANKING:** Deposits—Intent of Drawer. The drawer of
a check who unwittingly and without negligence makes it payable to a
fictitious person to whom he supposed he was making a loan may not
be said to have intended payment to be made to the supposed agent of
the named payee (to whom it was delivered) because said supposed
agent was, without the knowledge of said drawer, doing business in the
name of such fictitious payee.

Headnote 1:  7 C. J. p. 678.

Headnote 1:  3 R. C. L. 543.

*Appeal from Polk District Court.*—James DeLand, Judge.

December 16, 1926.

Rehearing Denied April 7, 1927.

The plaintiffs, having funds on deposit in the defendant
bank, sued to recover, as for a conversion, the amount paid by
the bank and charged against the account upon a check fraud-
ulently obtained from plaintiffs by one who, without the knowl-
edge of the drawer, did business under and assumed the name of
the payee of the check, and indorsed the check in the name of the
payee and received the money thereon.   A bank that first re-
ceived the check and guaranteed prior indorsements intervened.
From a judgment on a verdict for plaintiffs the defendant and
the intervener appeal.—*Reversed and remanded.*

*George E. Brammer,* for Central State Bank, appellant.

*Bradshaw, Schenk & Fowler,* for intervener, appellant.

*Volney Diltz* and *Parsons & Mills,* for appellees.

Vermilion, J.—The case, save for the presence of the Se-
curity Trust & Savings Bank as intervener, is between the same
parties as *McCornack v. Central St. Bank,* 203 Iowa 833, and
arises out of a very similar state of facts.

In the instant case, the check involved was obtained by Halverson from McCornack upon the fraudulent representation of the former that it was a loan, secured by mortgage, to one C. A. Christensen. Halverson delivered to McCornack a note and mortgage signed in the name of Christensen, and received the check in question, payable to the order of C. A. Christensen. The land described in the mortgage was in Jasper County, and belonged to other parties. Halverson presented the check, indorsed in the name of C. A. Christensen, and also bearing his own indorsement, to the intervener bank, and received credit for the amount of it, which credit he subsequently used.

The intervener indorsed the check, guaranteeing prior indorsements, and it was ultimately paid by the defendant bank on which it was drawn. The defendant having notified the intervener that, if held liable to plaintiffs, it would look to it for reimbursement under its guaranty of indorsements, the latter came into the case, alleging an interest adverse to the plaintiffs.

It is unnecessary to restate here the principles discussed in *McCornack v. Central St. Bank,* supra. It is claimed, however, that this case presents a situation on the facts that distinguishes it from that case and brings about a different result.

It appears without dispute that, prior to the transactions with McCornack here involved, Halverson had opened an account with the intervener bank in the name of C. A. Christensen, by making a deposit to the credit of C. A. Christensen and furnishing to the bank the signature of C. A. Christensen, for the purpose of enabling officials of the bank to verify the signatures of Christensen on checks against the account. Halverson thus had assumed and used the name "C. A. Christensen." He did not represent himself to the bank's officers as Christensen, but represented that Christensen was another person, for whom he was acting. This was, however, unknown to McCornack at the time he drew the check in question, payable to the order of C. A. Christensen, and he had no knowledge that Halverson had transacted business in the name of C. A. Christensen, or had ever assumed or used that name.

In this situation, it is contended that payment of the check was made to the person who McCornack intended should receive the money. McCornack intended payment of the check to be made to C. A. Christensen, to whom he believed he was making a

loan, and did not intend it to be made to Halverson, who he believed was acting for Christensen in procuring the loan. Since he was in ignorance of the fact that Halverson had ever used the name of Christensen, we do not see how it can be said that he intended payment to be made to Halverson. According to the overwhelming weight of authority, it is the intention of the drawer that is controlling, and determines. And where payment is made to the person to whom the drawer intended the money to go, no matter by what name he was known, and no matter how mistaken the belief of the drawer that such person is entitled to receive the money, the paying bank is protected. See *McCornack v. Central St. Bank*, supra, and cases there cited. But where the one who received the money impersonated the payee, not to the drawer, but merely to the drawee, or the one paying the check, payment was not made to the person intended by the drawer. Here, McCornack did not intend payment to be made to the individual Halverson, believing him to be the person named as payee in the check, but intended payment to be made to the payee named, whom he believed to be another individual than Halverson. Payment was not made to the person intended by the drawer, when payment was in fact made to a person who the drawer did not intend should receive the money, and who, so far as the drawer knew, and as he believed, was not the payee or the person to whom he intended payment should be made.

We are of the opinion that the case is not to be distinguished in principle from *McCornack v. Central St. Bank*, supra. The case of *Hartford v. Greenwich Bank*, 157 App. Div. 448 (142 N. Y. Supp. 387), presents a state of facts somewhat similar to those at bar, and it was there held that payment was made to the person intended. But we think the case is out of harmony with the great weight of authority, and we are not disposed to follow its reasoning.

The court below was, for the reasons set forth at length in *McCornack v. Central St. Bank*, supra, in error in striking Division II of the amendment to the answer, and in not submitting to the jury, under proper instructions, the questions whether appellees were guilty of negligence in not sooner discovering the fraud of Halverson and notifying the drawee bank, and whether the bank suffered prejudice therefrom, and appellees were thereby estopped. This defense, predicated on facts set up in Division

II of the amendment to the answer, was pleaded in Division III, and was not stricken.

The cause is, therefore,—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and MORLING, JJ., concur.

FAVILLE, J., concurs specially.

EVANS and ALBERT, JJ., dissent.

FAVILLE, J. (specially concurring).—I do not think there is any question of negligence to submit to a jury, upon the record in this case. Except as to this one question, I concur in the opinion of Mr. Justice Vermilion. I would affirm.